## JONES v. KOWALOFF.

(Circuit Court of Appeals, Second Circuit. December 10, 1923.)

Patents ⬥314—New trial required, where infringement suit dismissed, without showing prior art.

Trial court erred in dismissing complaint on ground of noninfringement of Jones patent No. 860,097, claim 1, relating to improvements in lantern holding attachments for miners' caps, where he regarded the case as so simple that it could be disposed of on mere inspection of the infringing exhibit, without giving defendant opportunity to present enlightenment as to the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by Thomas R. Jones against Benjamin Kowaloff, trading as B. Kowaloff & Co. From a final decree dismissing the complaint on the ground of noninfringement of the claims of plaintiff's patent, No. 860,097, issued July 16, 1907, plaintiff appeals. Decree reversed, and new trial ordered.

Thomas Howe, of New York City, for appellant.
Ira A. Schiller, of New York City, for appellee.

Before ROGERS, MANTON, and MAYER, Circuit Judges.

MAYER, Circuit Judge. The complaint alleged that defendant had infringed the three claims of plaintiff's patent. On the trial and here,

claim 1 is the only one relied upon. The device to which the patent relates is very simple. The specification states:

"This invention relates to certain improvements in lantern holding attachments for miners' caps. * * * In the holders, which are provided with ribs or grooves extending longitudinally of the base piece and front piece, these ribs or grooves, in addition to strengthening the parts, serve to conduct any oil which may be spilled from the lamp to the front of the visor."

Claim 1 reads:

"A miner's lantern holder, comprising sheet metal base and front pieces, and a top piece, said base and front pieces having ribs pressed out from the body of the metal and extending longitudinally of the holder at the angle between said base and front pieces, and between the lateral edges of the holder."

The alleged infringing device has ribs which go to the junction line described in the claim, supra. The result obtained in actual practice is not quite, but substantially, the same as that accomplished by the miner's lantern holder made pursuant to plaintiff's patent. Reading only the patent and file wrapper, with no prior art, and then examining the alleged infringing lantern holder, the question of infringement is close, and, were we to decide the case only with those data, we might not be unanimous on the question of infringement. Our difficulty arises from the record made below.

Jones, the patentee, was called and testified to commercial utility and to the difficulties which he claimed were inherent in lantern holders prior to the patent. The remainder of the direct and much of the cross examination of this witness were immaterial to the issues. During the cross-examination, however, defendant introduced the file wrapper in evidence. Another witness was called to prove the purchase of miner's caps alleged to infringe. After his cross-examination, one of the caps was marked in evidence as Exhibit No. 4. Prima facie proofs were then closed. What occurred immediately thereafter appears from the record as follows:

"The Court: Where are the *ribs* (referring to Plaintiff's Exhibit No. 4).
"Mr. Howe: No matter what you may call them—
"The Court: I know, but you only have a contract with the government for *ribs* as referred to in claims 1, 2, and 3 of your patent in suit. I find that the article manufactured by the defendant does not appear to be as claimed in claims 1, 2, and 3 of the patent."

This being an equity case, if defendant had moved to dismiss and had stood on his motion, we should now have, in accordance with the practice in this circuit, a proper record on appeal; but no such motion was made. The result is that we are not enlightened as to the prior art, if any, because defendant had no opportunity to present it. This situation developed because, without ascertaining what testimony, if any, defendant wished to offer, the trial judge regarded the case as so simple that it could be disposed of on mere inspection of the alleged infringing exhibit. This, however, is precisely the kind of case where the question of infringement cannot be satisfactorily solved, unless the court is informed on the state of the art. Because the alleged invention seems simple, we cannot, without knowledge of the prior art, justly decide whether to construe claim 1 narrowly or give some breadth to it. If a

narrow construction of claim 1 is justified, then defendant's cap does not infringe; otherwise, it may infringe.

While evidence as to the state of the art was not offered or excluded, and we have not the exact situation covered by equity rule 46, the nature of the trial was such that, upon the record, justice between the parties could not be done. In view of the foregoing, we conclude that there must be a new trial on all the issues (i. e., validity as well as infringement) at which full opportunity should be accorded to the parties to introduce such proper testimony as they may be advised.

Decree reversed, without costs, and new trial ordered.